## Ex Parte Julio.

### Appeal from the District Court of Humacao.

No. 29.—Decided June 22, 1905.

Habeas Corpus—Execution of Judgment—Warrant of Commitment.—The detention of a prisoner in compliance with a judgment of conviction rendered against him must be warranted by a certified copy of the original judgment, according to the provisions of section 327 of the Code of Criminal Procedure, and failure to comply with this provision renders the commitment null and void because it lacks an essential requisite, and a prisoner held thereunder will be discharged on *habeas corpus*.

The facts are stated in the opinion.

*Mr. Jose Guzman Benitez* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. JUSTICE MACLEARY delivered the opinion of the court.

Lino Julio, having been convicted in the District Court of Humacao on the 3rd of November, 1903, of an assault with intent to commit murder, was sentenced by the said district court to three years in the penitentiary, and immediately committed to jail in Humacao to be disposed of as required by law. On the 8th of April, 1905, he made application to the District Court of Humacao for a writ of *habeas corpus,* alleging that he was illegally imprisoned in the jail at Humacao by Fernando Montilla, the warden of said jail, by virtue of a trial had in the District Court of Humacao and a condemnation to three years in prison, etc., alleging as reasons for the illegality of his imprisonment.

1st. That the District Court of Humacao, on his conviction, only voted the sentence without taking care to draw it up in proper form and subscribe it according to law.

2d. That the warrant of commitment by which he is held is defective in the necessary requisites prescribed by section 327 of the Code of Criminal Procedure, inasmuch as said warrant contains neither the sentence nor the dispositive portion thereof, and

3d. That the warrant did not comply with all the requisites prescribed by article 16 of the Organic Act.

On this application a trial was properly had and the case thoroughly examined by the judge of the District Court of Humacao. Oral testimony was taken both of the warden of the jail and of the clerk of the district court, and certified copies of the judgment and of the warrant were introduced in evidence; whereupon the district judge in an elaborate opinion, refusing to liberate the prisoner on *habeas corpus,* remanded him to jail to serve out the sentence. This order was made on the 11th of April, 1905. The applicant, through his attorney, gave due notice of appeal, and filed a copy of the proceedings in this court of the 29th of May following.

The case came up to be heard in this court, after the usual proceedings on the 21st of June.

After a careful examination of the whole record it appears in regard to the three points presented by the applicants, who is the appellant in this court, on which he bases his demand for liberation:

1st. That the District Court of Humacao on the 3d of November, 1903, after an elaborate trial, the minutes of which were kept in the proper book, found the defendant guilty of an assualt with intent to murder, and condemned him to three years in the penitentiary. It would seem that the appellant's counsel objects to the form of the judgment because it does not comply with the ancient Spanish statute; but under the Code of Criminal Procedure now in force, section 326, the judgment rendered by the district court was properly drawn. Inasmuch as the Code of Criminal Procedure took effect on the 1st day of July, 1902, and this proceeding transpired more than a year thereafter, the judgment must be held to be sufficient.

2d. The third objection that the warrant does not comply with article 16 of the Organic Act is incomprehensible in view of the copy of the warrant which we find in the record. It complies literally with the article of the Organic Act referred to, and we cannot imagine why such an objection should have been made.

3. The second reason which the appellant gives for his liberation is that the warrant or commitment does not comply with section 327 of the Code of Criminal Procedure. That section of the code provides that a copy of the judgment in all cases be furnished to the warden of the jail, and is all that is necessary to serve as a warrant of commitment.

This court held in the case of *Pablo Rolon ex parte,* decided yesterday (*ante,* p. 182), and in the case of *Justo Aranzamendi ex parte,* decided on the 18th of May last (vol. 8, p. 435), and in the case of *José Gregorio Torres* (vol. 8, p. 472), decided on the 24th of the same month, that this sec-

tion of the statute must be complied with according to its terms, and in those cases reversed the judgment of the district court remanding the prisoners to the custody of the warden, but held that a new writ could issue in accordance with the statute—that is to say, a copy of the judgment as provided by section 327 of the Code of Civil Procedure—and that under this writ the prisoner could be rearrested and imprisoned to serve out his time.

In accordance with these opinions the judgment of the District Court of Humacao, rendered on the 11th of April, 1905, in this case, remanding the prisoner to the custody of the warden of the Humacao jail, must be reversed, and the prisoner liberated; reserving the right, however, to the District Court of Humacao to issue a new writ in accordance with the statute cited, and to carry out the judgment of that court condemning the prisoner to three years in the penitentiary.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not sit at the hearing of the case.